Filed 2/6/25  P. v. McCoy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CIRA ANNETTE MCCOY,<br><br>    Defendant and Appellant. | D084026<br><br><br>(Super. Ct. Nos. BAF2200234,<br>BAF2300374) |

APPEAL from a judgment of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Cira Annette McCoy pleaded guilty in two cases to felony vandalism (Pen. Code,[1] § 594, subd. (a)) and robbery (§ 211).

---

[1]    All statutory references are to the Penal Code.

McCoy was granted probation for both the vandalism and the robbery and sentenced to serve 364 days in jail for both crimes, with the terms to run concurrently. Thereafter the prosecution brought a formal motion to revoke probation in both cases. The court held an evidentiary hearing and McCoy's probation was revoked.

Apparently, McCoy was released from jail early on the vandalism count because of a federal consent decree for the jail. She argued at the sentencing hearing that she should be given custody credits for the term imposed instead of only the time served. The court disagreed and sentenced her to concurrent prison terms for the two convictions with credits for time served.

McCoy filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel has asked the court to independently review the record for error as mandated by *Wende*. We offered McCoy the opportunity to file her own brief on appeal, but she has not responded.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating to potential merits of this appeal.

1.      Whether McCoy is entitled to additional custody credits for the jail sentence, which was ordered, even though she was released early by federal order.

2.      Whether McCoy's conduct credits were properly limited pursuant to section 2933.1 due to her concurrent sentence involving a violent felony.

We have independently reviewed the record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented McCoy on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.

3